```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION

BRIAN and KATHYA SUCHAN,

      Plaintiffs,
                             Case No. 8:13-cv-254-T-33EAJ
v.

AMERICAN EXPRESS CO. ET AL.,

      Defendants.
_____/
```

**ORDER**

Plaintiffs Brian and Kathya Suchan's Motion to Strike Defendant FirstSource Advantage, LLC's Affirmative Defenses (Doc. # 23), filed on March 19, 2013, brings this cause before the Court. FirstSource filed its response in opposition to the Motion on April 5, 2013. (Doc. # 26). For the reasons below, the Court denies the Motion.

**I.  Background**

The Suchans filed a complaint in state court on December 26, 2012, alleging that American Express Co., NCO Financial Systems, Inc., and FirstSource Advantage, LLC violated the Florida Consumer Collection Practices Act, the Telephone Consumer Protection Act, and the Fair Debt Collection Practices Act. (Doc. # 2). American Express,

NCO, and FirstSource removed the action to this Court on January 25, 2013. (Doc. # 1).

On February 25, 2013, FirstSource filed its Answer and Affirmative Defenses to the Suchans' Complaint. (Doc. # 18). On March 19, 2013, the Suchans moved the Court to strike four of FirstSource's five affirmative defenses, claiming that they are legally insufficient and invalid as a matter of law. (Doc. # 23 at 3). The four affirmative defenses in question are as follows:

> **FIRST AFFIRMATIVE DEFENSE**
> Plaintiff's Complaint fails to state a claim upon which relief may be granted.
>
> **SECOND AFFIRMATIVE DEFENSE**
> Any violation of the law or damage suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Defendant.
>
> **THIRD AFFIRMATIVE DEFENSE**
> Plaintiff has suffered no damages as a result of any acts or omissions of Defendant.
>
> **FOURTH AFFIRMATIVE DEFENSE**
> Defendant asserts, without admitting any liability whatsoever, that any violation of federal or state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

(Doc. # 18 at 8).

**II. <u>Legal Standard</u>**

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'A motion to strike is a drastic remedy,' which is disfavored by the courts." <u>Thompson v. Kindred Nursing Ctrs. E., LLC</u>, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting <u>Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.</u>, 306 F.2d 862, 868 (5th Cir. 1962)). "'A court will not exercise its discretion under the rule to strike . . . unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" <u>Kahama VI, LLC v. HJH LLC</u>, No. 8:11-cv-2029-T-30TBM, 2013 WL 1760254, at *8 (M.D. Fla. Apr. 24, 2013) (quoting <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" <u>Microsoft Corp. v. Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (quoting <u>Anchor Hocking Corp. v. Jacksonville Elec. Auth.</u>, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). An affirmative defense is insufficient

as a matter of law "only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher, 881 F. Supp. at 576.

### III. Analysis

While FirstSource raises in its "Affirmative Defenses" factual and legal issues bearing on the sufficiency and merits of the Suchans' Complaint, this Court is not inclined to strike the Defenses. As explained in Ohio Nat'l. Life Assur. Corp. v. Langkau, 3:06-cv-290-J-20MCR, 2006 WL 2355571, at *2 (M.D. Fla. Aug. 15, 2006)

> In attempting to controvert an allegation in the complaint, the defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not prejudice the pleader. If plaintiff has been given "plain notice" of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology. The federal courts have accepted the notion of treating a specific denial that has been improperly

4

> denominated as an affirmative defense as though it was correctly labeled.

<u>Id.</u> (citing 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1269 (2d ed. 1991), pp. 409-10).

In the Complaint, the Suchans seek an order finding that American Express, NCO, and FirstSource violated the Florida Consumer Collection Practices Act, the Telephone Consumer Protection Act, and the Fair Debt Collection Practices Act, as well as declaratory and injunctive relief. The Defenses at issue attack the merits of the Complaint and aver that the Suchans have not been damaged by FirstSource. Although the Court acknowledges that the Defenses in question are phrased vaguely, this Court determines that the defenses challenged are not subject to the draconian sanction of being stricken. The Defenses put into issue relevant legal and factual questions. Furthermore, the Defenses relate squarely to the controversy, do not confuse the issues, and do not appear to cause prejudice to any party. The Court thus denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

5

Plaintiffs Brian and Kathya Suchan's Motion to Strike Defendant FirstSource Advantage, LLC's Affirmative Defenses (Doc. # 23) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of May, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel of Record